IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| UNITED STATES OF AMERICA | * | |
| --- | --- | --- |
| | * | |
| v. | * | CR 113-061 |
| | * | |
| FAWAD SYED | * | |
| | * | |

**O R D E R**

Presently before the Court is Defendant's motion to modify, reduce, or waive fine. (Doc. 114.) In September 2013, a jury convicted Defendant of (1) attempted online enticement of a minor; (2) destruction and alteration of records in a federal investigation; and (3) attempted destruction and alteration of records in a federal investigation. (Doc. 73.) In January 2014, the Court sentenced Defendant to a term of 294 months imprisonment for the first charge and 240 months imprisonment each for the second and third charges, to be served concurrently; three years of supervised release for each charge, to be served concurrently; a $100 special assessment; and a $6,000 fine for the online enticement charge. (Doc. 89.) Defendant requests that his fine be either (1) modified to a lesser amount; (2) deferred until he completes his term of imprisonment; or (3) waived. (Doc. 114.)

Pursuant to 18 U.S.C. § 3572(c), a sentence to pay a fine can be:

(1) modified or remitted under section 3573;
(2) corrected under rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
(3) appealed and modified under section 3742.

18 U.S.C. § 3572(c). For all other purposes, "a judgment that includes such a sentence is a final judgment[.]" Id.

As to the first option, only the government may move the Court for an order "remitting the fine on a showing that reasonable efforts to collect the fine are not likely to be effective." United States v. Williamson, No. 7:96-CR-23, 2005 WL 1669751, at *1 (M.D. Ga. July 14, 2005). The Government has made no such motion.

Second, a defendant may:

> file a notice of appeal in the district court for review of an otherwise final sentence if the sentence (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine . . . than the maximum established in the guideline range . . . ; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a). "Further, Section 3572 indicates that [Section 3742] must be applied in conjunction with Rule 35 that permits a defendant to file a motion to correct a sentencing error within [14] days of sentencing." Williamson, 2005 WL 1669751, at *1; FED. R. CRIM. P. 35(a).

Here, there is no evidence to indicate, and Defendant does not argue, (1) that the fine was or is in violation of law; (2) that the fine was imposed as a result of an incorrect application of the guidelines; (3) that the fine exceeded that provided for in the guideline range; or (4) that the fine was imposed for an offense for which there is no sentencing guideline. Moreover, Defendant has filed the instant motion well outside of the two week window.

2

Notwithstanding the above, other federal courts of this state have recognized a defendant's ability to seek modification of his sentence pursuant to 18 U.S.C. § 3572(d)(3), which provides:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

See also United States v. Simmons, No. 4:04-cr-252, 2007 WL 2345246, at *1 (S.D. Ga. Aug. 15, 2007) (quoting Williamson, 2005 WL 1669751, at *1). Accordingly, the Court may alter a fine upon Defendant's showing of a change in his financial circumstances. Id. That is, the Court may alter the payment schedule but cannot eliminate the fine completely. Under this standard, Defendant must show that he has suffered some sort of material change in his financial circumstances that justifies adjustment of the payment schedule. Id.

This he has not done. Defendant has not argued that he is unable to continue making payments or that his financial situation has changed. In fact, he is still incarcerated and represents that he has been responsibly making payments of half his Unicor pay. Defendant simply seeks to submit all of his prison income to his children to help him "deal with the pain of the longterm detachment from" them. (Doc. 114 at 1.) The Court acknowledges Defendant's commitment to his children's wellbeing, but he has not met his

3

burden of showing a material change in financial circumstances that would justify adjustment of the payment schedule.

In the enlightened words of Judge B. Avant Edenfield, "[t]hose who do the crime must pay the fine." Simmons, 2007 WL 2345246, at *2. Defendant's motion to reduce his fine (doc. 114) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 4th day of September, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA