IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| FAWAD SHAH SYED, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | CV 117-036 <br> (Formerly CR 113-061) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 13.) Although nothing in Petitioner's objections undermines the Magistrate Judge's recommendation, the Court will briefly address three of Petitioner's arguments.

First, Petitioner argues the Magistrate Judge erred by suggesting Petitioner's burden for showing his trial counsel was ineffective by failing to renew the motion for judgment for acquittal is higher because of Eleventh Circuit *dicta* on direct appeal of Petitioner's conviction. (Doc. no. 13, p. 3.) On appeal, the Eleventh Circuit applied the manifest miscarriage of justice standard to Petitioner's sufficiency of the evidence argument instead of the reasonable trier of fact standard because Petitioner's trial counsel failed to renew the motion for judgment of acquittal at the close of evidence. United States v. Syed, 616 F. App'x 973, 977-78 (11th Cir. 2015). The court rejected Petitioner's argument based on the manifest miscarriage of justice standard. Id. Nevertheless, the court stated "[a] reasonable

jury could have concluded that [Petitioner] took a substantial step, marking his actions as criminal and corroborating his intent to encourage Samantha to have sex with him." Id. at 978. Although the Magistrate Judge noted the Eleventh Circuit's statement as an indication Petitioner would not have received a different outcome on appeal under the reasonable trier of fact standard, the Magistrate Judge ultimately based its conclusion on Eleventh Circuit precedent and the overwhelming evidence of guilt against Petitioner. (Doc. no. 11, pp. 23-25.) The Magistrate Judge did not hold Petitioner's argument to a higher standard based on the Eleventh Circuit's statement. Accordingly, Petitioner's objection is unfounded.

Second, Petitioner argues the Magistrate Judge stated Petitioner cites no cases in support of his argument travel cannot constitute a substantial step toward violating § 2422(b), when, in fact, Petitioner cited United States v. Nitschke, 843 F. Supp. 2d 4 (D.D.C. 2011) for that proposition. (Doc. no. 13, pp. 4-6.) Petitioner is correct he cited Nitschke in his amended motion. (Doc. no. 7, p. 14.) Nevertheless, Nitschke is, at best, persuasive authority and inconsistent with binding Eleventh Circuit precedent, which the Magistrate Judge discussed in detail. (Doc. no. 11, pp. 23-25.) Furthermore, the Magistrate Judge also concluded Petitioner's online communications alone satisfied the substantial step requirement. (Id. at 25.) Accordingly, Petitioner's argument does not undermine the Magistrate Judge's well-reasoned conclusion.

Third, Petitioner argues the District Court "said nothing about" the use of interstate commerce element of § 2422(b) in its jury instructions. (Doc. no. 13, p. 7.) Petitioner is incorrect. The District Court specifically: (1) recited the charges listed in the indictment; (2) discussed the crime of attempt to commit § 2422(b) specifically; and (3) defined telephones,

2

cellular telephones, and the internet as facilities of interstate commerce. CR 113-061, doc. no. 108, pp. 410-12. Accordingly, Petitioner's argument is without merit.

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DENIES** Petitioner's motion filed pursuant to 28 U.S.C. § 2255.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

3

enter final judgment in favor of Respondent.

SO ORDERED this \_\_\_7th\_\_\_ day of August, 2018, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA