IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA      *
                              *
      v.                      *      CR 113-061
                              *
FAWAD SHAH SYED               *

_____

**O R D E R**

_____

Defendant Fawad Shah Syed has filed a motion for "compassionate release" under 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. Upon due consideration, the Court denies Syed's request for relief.

As an initial matter, Syed also speaks in alternative terms of releasing him to home confinement. However, designation of an inmate's place of confinement is within the absolute discretion of the Bureau of Prisons ("BOP"). E.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted).) Accordingly, the Court has no authority to direct that Syed's remaining sentence be served on home confinement.

On the other hand, the compassionate release provision of §
3582(c)(1)(A) provides a narrow path for a district court to grant
release to a defendant in "extraordinary and compelling
circumstances." Prior to the passage of the First Step Act, only
the Director of the BOP could file a motion for compassionate
release in the district court. The First Step Act modified 18
U.S.C. § 3582(c)(1)(A) to allow *a defendant* to move a federal
district court for compassionate release, but only "after he has
fully exhausted all administrative rights to appeal a failure of
the Bureau of Prisons to bring a motion on the defendant's behalf
or the lapse of 30 days from the receipt of such a request by the
warden of the defendant's facility, whichever is earlier." In
this case, Syed only shows that he requested home confinement under
the CARES Act[1] on May 10, 2020. The BOP, however, has a different
administrative process for requests to reduce sentence based upon
compassionate release. Syed has not demonstrated that he complied
with this process (even in his reply brief); he instead argues the
requirement should be waived. However, neither the statute nor
case law creates any special exception to the mandatory language
that the BOP essentially must be given at least thirty days to
consider any request for compassionate release. See Ross v. Blake,

---

[1]  The CARES Act refers to the Coronavirus Aid, Relief, and Economic
Security Act, Pub. L. No. 116-136, enacted on March 27, 2020.

--- U.S. ---, 136 S. Ct. 1850, 1856 (2016) (finding that courts cannot ignore the mandatory language of the Prison Litigation Reform Act's exhaustion statute even to accommodate special circumstances).  This waiting period is appropriate because the BOP is better positioned to assess an individual inmate's present circumstances.  See United States v. Raia, Case No. 20-1033 (3d Cir. Jan. 3, 2020), Am. Opinion of Apr. 8, 2020, Doc. 25, at 8 (stating that "[g]iven BOP's shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added – and critical – importance" in connection with the COVID-19 pandemic).  Upon due consideration of the foregoing and because he has not exhausted his administrative remedies, Syed's motion for compassionate release is premature and must be denied.

The Court notes that Syed has presented medical evidence in his reply that tends to support his contentions that he has had the following medical conditions:  non-Hodgkin's lymphoma, hepatitis B & C, tumor of the left adrenal gland, stroke, hypertension, immune-suppressed, and pre-diabetic.  (See Syed's Mot., Doc. 137, at 6-7; Syed's Reply Br., Doc. 139, Ex. E.)  These conditions do not necessarily equate to a serious medical condition under U.S.S.G. § 1B1.13, the policy statement of the Sentencing Commission in the implementation of compassionate release provision.  To qualify, an inmate's medical condition must be

"serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii). Here, Syed's medical evidence does not demonstrate that he satisfies either of these criteria in the absence of COVID-19. That said, Syed may very well suffer from conditions that the CDC considers at greater risk to render an individual severely ill should he contract COVID-19. See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on July 17, 2020). If that were the case, the Court could find his medical conditions place Syed at an increased risk that he could not engage in self-care within the BOP facility or from which he may not recover should he contract COVID-19.

Regardless of whether Syed's medical conditions in conjunction with COVID-19 constitute "extraordinary and compelling circumstances," the Court concludes that a sentence modification is not warranted in light of the sentencing factors of 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A) (requiring a court to consider the § 3553(a) factors when determining whether to reduce a sentence). The Court must also consider whether Syed poses a

4

danger to the community.   See U.S.S.G. § 1B1.13(2).   Syed was convicted by a jury for solicitation of someone he believed to be a fourteen-year old girl over the internet.   On February 11, 2013, Syed traveled to an apartment complex to meet this young girl with condoms and alcohol in tow.   After his arrest, Syed entangled his wife into the situation by instructing her to delete electronic data.   Syed was convicted of one count of attempted online enticement of a minor and two counts related to the destruction and alteration of records in a federal investigation.   He was sentenced to serve 294 months in prison.   The Eleventh Circuit Court of Appeals affirmed his conviction and sentence, and this Court has denied the collateral attack of his conviction under 28 U.S.C. § 2255.

Syed has yet to take actual responsibility for his conduct as evidenced by statements in his motion for compassionate release. (See Doc. 137, at 2 (denying that he believed the girl was fourteen and emphasizing that he never discussed sex with the girl), 3 (attributing blame for his conduct on depression and PTSD), and 12 ("Even though in [his] case there was no actual victim . . . .").) Further, he has only served a quarter of his sentence.   Releasing Syed would not be justified in light of the nature and circumstances of his offense and the need for a sentence that reflects the seriousness of his offense, promotes respect for the law, provides just punishment, and affords adequate deterrence.

Also, the Court cannot conclude with any amount of certainty that Syed does not pose a danger to the community given the nature of his offense.

Upon the foregoing, Defendant Fawad Shah Syed's motion for compassionate release (doc. 137) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of July, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA