**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 113-061 |
| | * | |
| FAWAD SHAH SYED | * | |

**O R D E R**

Defendant Fawad Shah Syed has filed a third motion for sentence reduction under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), no doubt bolstered by the recent amendment to the applicable Policy Statement, U.S.S.G. § 1B1.13.

In order to grant a motion for compassionate release, the Court must find the following conditions are met: (1) extraordinary and compelling circumstances exist; (2) adherence to Policy Statement § 1B1.13 (including a finding that the defendant is not a danger to the community); and (3) support in the sentencing factors of 18 U.S.C § 3553(a).  United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021).  Absence of even one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. Oct. 13, 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

The Policy Statement, as amended on November 1, 2023, provides a list of examples of "extraordinary and compelling" reasons to include circumstances related to a defendant's health, age, family circumstances, and abuse while in custody. U.S.S.G. § 1B1.13(b)(1)-(4). There is also a catch-all provision, § 1B1.13(b)(5), which vests the district court with discretion to determine if "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Finally, the Policy Statement provides that defendants who are serving unusually long sentences may be eligible for compassionate release under § 1B.13(b)(6). Through his motion, Defendant seeks compassionate release citing medical reasons and an alleged sentence disparity.

"Medical circumstances" that may provide relief include (1) a terminal illness; (2) a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health due to age that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or (3) a medical condition that "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration

in health or death." See U.S.S.G. § 1B1.13(b)(1)(A–C).  Defendant leans into this third prong as a basis for relief.[1]

It is uncontroverted that Defendant has a hypermetabolic left adrenal nodule or mass, which was discovered in 2016.[2]  (See Def.'s Mot. for Relief, Doc. 148, at 6.)  Defendant suggests that this mass is "extremely worrying" given his decades-long battle with non-Hodgkin's lymphoma.  (Id.)  The medical records that Defendant submitted with his motion support this factual basis.[3]  Defendant also states that he is at greater risk of significant health problems should he contract certain infectious diseases given his comorbidities.  These same medical circumstances existed in July 2020, when the Court denied compassionate release to Defendant even at the arguable height of the COVID-19 pandemic.  (See Order of July 20, 2020, Doc. 140, at 3 (noting that the medical records reflected that Defendant has non-Hodgkin's lymphoma, hepatitis B & C, a tumor of the left adrenal gland, stroke, hypertension, and

---

[1]  Defendant has not provided any evidence that he has a terminal illness or that his medical issues substantially diminish his ability for self-care.

[2]  Defendant's radiological report from April 6, 2016, suggests that the mass was discovered in a prior CAT scan.  (Doc. 148, Ex. 3.)  The BOP's list of medical issues suggests that the mass was discovered in December 2015.  (Id.)

[3]  Defendant submitted only ten pages of his medical records (doc. 148, Ex. 3), but the Court has Defendant's inmate medical records on file from the Government's submission in July 2021 (doc. 144, Ex. A).  There are no records, however, from within the last ten months.

pre-diabetes).)  At that time, Defendant's medical circumstances did not qualify as extraordinary and compelling because he was unable to show that his condition substantially diminished his ability for self-care.  (Id. at 4.)  Now, the definition of "medical circumstances" has been expanded to include those that require long-term or specialized medical care that is not being provided "and without which the defendant is at risk of serious deterioration in health or death."

Defendant has the burden to establish an extraordinary and compelling reason to warrant compassionate release.  See United States v. Granda, 852 F. App'x 442, 446 (11th Cir. 2021).  In support of his motion, Defendant submitted the most recent results of a PET scan, dated April 14, 2023.  This document, however, notes that the nodule is unchanged in size as compared to a PET/CT scan from 2019.  (See Doc. 148, Ex. 3.)  It also recommends an MRI or CT scan of the abdomen for further assessment.  (Id.)  According to Defendant in his motion, he has not received "any manner of treatment" for this health issue since that time.  (Doc. No. 148, at 6.)  Yet, Defendant's submission does not show, other than his mention of the need for further assessment, that he requires specialized care and is at risk of serious deterioration in health or death.  Thus, he has not carried his burden to prove his medical circumstances are of the kind contemplated in the Policy Statement. In short, Defendant has not established extraordinary and

compelling circumstances to warrant early release on the present record.

Further, Defendant's argument regarding the disparity between his sentence and other sex offenders is unavailing. To the extent Defendant is relying upon the "Unusually Long Sentence" provision of the Policy Statement, it is inapplicable because Defendant has not identified any "change in the law." See U.S.S.G. § 1B1.13(b)(6). Moreover, Defendant was sentenced within the applicable guideline range, which remains the same.[4] Thus, his sentence is not extraordinary and compelling.

Upon the foregoing, Defendant Syed's motion for compassionate release (doc. 148) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this /ᴼᵀ day of April, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4]  Defendant's guideline range was 262 to 326 months imprisonment, and Defendant was sentenced to serve 294 months.